MEMORANDUM **
Nora Guadalupe Diaz Hernandez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals’ (“BIA”) order summarily affirming an immigration judge’s order denying her application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review constitutional claims de novo. Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005). We deny in part and dismiss in part the petition for review.
Hernandez’s contention that the BIA’s summary affirmance procedure denied her due process is foreclosed by Falcon-Carriche v. Ashcroft, 350 F.3d 845, 850 (9th Cir.2003). Likewise, her contention that the provisions of the Nicaraguan Adjustment and Central American Relief Act of 1997, PL 105-100, 111 Stat. 2160 (1997), violate the Equal Protection Clause is foreclosed by Jimenez-Angeles v. Ashcroft, 291 F.3d 594, 602-03 (9th Cir.2002).
We lack jurisdiction to review Hernandez’s contention that she established exceptional and extremely unusual hardship. See Martinez-Rosas, 424 F.3d at 929-30.
We deny Hernandez’s motion to remand to the BIA for administrative closure. We recognize that Hernandez has been granted Temporary Protected Status and cannot be removed from the United States while she maintains this status. See 8 U.S.C. § 1254a(a)(1)(A). The statute and regulations, however, do not preclude the entry of a removal order in this instance. See 8 U.S.C. § 1254 (governing the application procedures for and granting of Temporary Protected Status); cf. Yao v. INS, 2 F.3d 317, 318-19 (9th Cir.1993) (holding that an alien’s pending Special Agricultural Worker application did not preclude entry of deportation order, but did prohibit execution of the order).
PETITION FOR REVIEW DENIED in part and DISMISSED in part; MOTION TO REMAND DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.